UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENICO VALENCIA, dba, RANCHO NUEVO,<br><br>Plaintiff,<br><br>v.<br><br>CROP PRODUCTION SERVICES INC.,<br><br>Defendant. | Case No.: 18-cv-0678-JAH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S TAX RETURNS**<br><br>**[ECF No. 11]** |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on September 17, 2018. (ECF No. 11). Plaintiff is a sunflower grower suing Defendant, an agricultural retailer of crop products, alleging that he used a product, Sandea, based upon the recommendation of Defendant to solve a nutsedge issue. Sandea, however, is inappropriate for use on land growing sunflowers. Plaintiff alleges, as a consequence, that he suffered substantial business losses, including lost profits. (ECF No. 1; ECF No. 11 at 2).

This dispute relates to a Request for Production ("RFP"), in which

1

Defendant requested that Plaintiff produce his tax returns filed beginning on January 1, 2013. Plaintiff asserts protection under California law. (*Id.*).

## LEGAL STANDARD

<u>Federal Rules of Civil Procedure</u>

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the

2

18-cv-0678-JAH-MDD

possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

<u>California Privilege</u>

In a pure diversity case, such as this case, state law governs interpretation of substantive matters, including privilege. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80, (1938); *see also Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808, 811 (S.D. Cal., 1995) (state law governs law of privilege in diversity case). In *Sav–On Drug Stores v. Superior Court*, 15 Cal.3d 1, 6 (1975), the court found that the language of the Revenue and Taxation Code reflected a clear legislative intent that tax returns be treated as privileged in order to encourage full and truthful declarations. The tax return privilege, however, is not absolute. *Weingarten v. Superior Court*, 102 Cal.App.4th 268 (2002). "The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved." Id. at 274. "A trial court has broad discretion in determining the applicability of a statutory privilege." *Id.*

## **DISCUSSION**

Defendant asserts that the privilege does not apply because Plaintiff is seeking lost profits such that the gravamen of the lawsuit in inconsistent with the privilege. (ECF No. 11-1 at 3-5). Plaintiff counters that tax return information should be disclosed only when there is compelling need because the information sought is not readily available from other sources. And, according to Plaintiff, the information sought is available and ascertainable

from Plaintiff's business records. (ECF No. 11-2 at 3-6).

The Court finds that Plaintiff has placed his income directly in issue by claiming damages for lost profits. In *Small v. Travelers Prop. Cas. Co. of America,* No. 08-cv-1160-BTM-WMc, 2010 WL 2523649 (S.D. Cal. June 21, 2010), plaintiff sought recovery of lost income and profits from the destruction of his avocado trees as a result of fire. The court found that this claim was the "gravamen" of his complaint. 2010 WL 2523649 at *2. This case is no different.

There are cases in which courts have declined to order production of tax records. Plaintiff references, for example, *Mrvich v. Midland Funding, LLC,* No. 16-cv-0481-DMS-LSP, 2017 WL 5999058 (S.D. Cal. Dec. 1, 2017), a Fair Debt Collection Act case, in which defendant sought plaintiff's tax returns to see if plaintiff claimed a deduction for a computer she allegedly purchased with a credit card to determine whether the debt incurred was a "debt" or a "consumer debt," which would relate to subject matter jurisdiction. The court there found that there was no compelling need for disclosure of the tax return because plaintiff had not put her income or her taxes at issue and there were other, better sources, for the information sought. 2017 WL 5999058 at *3. The Court finds that *Mrvich* is not apposite.

Plaintiff's lost income and profits are the gravamen of his case against Defendants. The relevance of his tax returns outweighs the qualified privilege and underlying policies against disclosure.

## **CONCLUSION**

Defendant's motion to compel, as presented in this Joint Motion, is **GRANTED**. Plaintiff must produce his filed tax returns for the period requested. Those returns, however, may be viewed only by Defendant's

4

attorneys and experts and may not be disclosed to any other person(s). When the lawsuit is concluded, including any appeals, Defendant's attorneys and expert(s) must verify in writing that all copies of Plaintiff' tax returns have been destroyed or returned to Plaintiff.

**IT IS SO ORDERED.**

Dated: November 8, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge